\*\*E-Filed 7/18/06\*\*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COUNTY OF SANTA CRUZ, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ALBERTO GONZALES, Attorney General of the United States, et al.,<br><br>　　　　Defendants. | Case Number C 03-01802 JF<br><br>ORDER[1] GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIFTH CLAIM FOR RELIEF<br><br>[re: docket no. 144] |

Defendants Alberto Gonzales, Attorney General of the United States; Karen P. Tandy, Administrator of the Drug Enforcement Administration ("DEA"); John P. Walters, Director of the Office of National Drug Control Policy; and 30 Unknown DEA Agents move to dismiss the fifth claim for relief of Plaintiffs County and City of Santa Cruz, California, Valerie Corral, Eladio V. Acosta, Jennifer Lee Hentz, Harold F. Margolin, Levi Castro, Dorothy Gibbs, James Daniel Baehr, Michael Cheslosky, and Wo/Men's Alliance for Medical Marijuana ("WAMM"). Plaintiffs oppose the motion. The Court heard oral argument on June 23, 2006.[2] For the reasons

---

[1] This disposition is not designated for publication and may not be cited.

[2] The Court also heard argument on Defendants' motion to dismiss other claims asserted by Plaintiffs. That motion will be addressed in a separate order.

set forth below, the motion will granted in part and denied in part.

## I. DISCUSSION

A complaint may be dismissed for failure to state a claim upon which relief can be granted for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). For purposes of a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). A complaint should not be dismissed "unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.* However, the Court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Id.* at 754-55. Motions to dismiss generally are viewed with disfavor under this liberal standard and are granted rarely. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

Plaintiffs' fifth claim for relief alleges that the federal actions "that lead to the seizure of the WAMM patient Plaintiffs' medical marijuana violated their rights under the Fourth, Fifth, Ninth and Tenth Amendments of the U.S. Constitution." *See* First Amended Complaint ("FAC") ¶ 115. Plaintiffs seek damages pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Defendants move to dismiss Plaintiffs' fifth claim on the ground that Plaintiffs have failed to serve the 30 Unknown DEA Agents within the time required by the Federal Rules of Civil Procedure, this Court's Order of October 8, 2003, or California law. Plaintiffs do not oppose the dismissal of the 30 Unknown DEA Agents or their claim for monetary damages pursuant to *Bivens*. Accordingly, the Court will grant the motion to dismiss with respect to the 30 Unknown DEA Agents and Plaintiffs' claim for monetary damages pursuant to *Bivens*.

However, Plaintiffs argue that, even though their fifth claim may be dismissed against the 30 Unknown DEA Agents, it should not be dismissed as to the official-capacity Defendants.

Case No. C 03-1802 JF
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIFTH CLAIM FOR RELIEF
(JFLC1)

1  Defendants argue that the entire claim should be dismissed because the only relief requested with
2  respect to this claim is damages.  Thus, Defendants argue, because Plaintiffs may not seek
3  damages from official-capacity Defendants, the entire claim must be dismissed. *See, e.g.*,
4  *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987) ("[A] *Bivens* action can be
5  maintained against a defendant in his or her individual capacity only, and not in his or her official
6  capacity.").

7  Although it is true that the only form of relief Plaintiffs request with respect to their fifth
8  claim is damages, this pleading defect is not a basis for dismissing the entire claim. *See e.g.*,
9  Fed. R. Civ. P. 54(c) ("Except as to a party against whom a judgment is entered by default, every
10  final judgment shall grant the relief to which the party in whose favor it is rendered is entitled,
11  even if the party has not demanded such relief in the party's pleadings."); *Pension Ben. Guar.*
12  *Corp. v. East Dayton Tool and Die Co.*, 14 F.3d 1122, 1127 (6th Cir. 1994) ("If a pleading
13  provides a defendant notice of the plaintiff's claims and the grounds for the claims, omissions in
14  a prayer for relief do not bar redress of meritorious claims.") (citing *Conley v. Gibson*, 355 U.S.
15  41, 47 (1957); *Holt Civic Club v. Tuscaloosa*, 439 U.S. 60, 66 (1978)).  Rather than dismiss the
16  fifth claim with respect to the official-capacity Defendants, the Court will grant Plaintiffs'
17  request for leave to amend the FAC in order to request appropriate relief against these
18  Defendants.  The time within which Plaintiffs may amend will begin to run when this Court
19  issues its Order with respect to Defendants' motion to dismiss Plaintiffs' remaining claims.

## II. ORDER

21  Good cause therefore appearing, IT IS HEREBY ORDERED that Defendants' motion is
22  GRANTED IN PART and DENIED IN PART with leave to amend, as set forth above.

24  DATED: July 18, 2006

                                   _____
                                   JEREMY FOGEL
                                   United States District Judge

3

| | |
|---|---|
| 1 | Copies of this Order have been served upon the following persons: |
| 2 | John G. Barisone   cferris@ abc-law.com |
| 3 | Frank Kennamer   frank.kennamer@ bingham.com |
| 4 | Frank Kennamer   frank.kennamer@bingham.com |
| 5 | Neha Shah Nissen   neha.nissen@bingham.com, troy.sauro@bingham.com |
| 6 | Mark T. Quinlivan   mark.quinlivan@usdoj.gov |
| 7 | Benjamin Terrence Rice   benjamin.rice@doj.ca.gov, DocketingSACCLS@doj.ca.gov |
| 8 | Lauri A. Schumacher   lauri.schumacher@ bingham.com, |
| 9 | Rachel Hannah Sommovilla   rachel.sommovilla@bingham.com, shirlyn.kim@bingham.com |

Daniel Abrahamson & Judith Appel
Drug Policy Alliance
Office of Legal Affairs
717 Washington Street
Oakland, CA 94607

Graham A. Boyd, Allen Hopper & Adam B. Wolf
Ameican Civil Liberties Union
Drug Law Reform Project
1101 Pacific Avenue, Suite 333
Santa Cruz, CA 95060

Gerald Uelmen
Santa Clara University Law School
500 El Camino Real
Santa Clara, CA 95053

Case No. C 03-1802 JF
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'
FIFTH CLAIM FOR RELIEF
(JFLC1)