**E-Filed   8/19/2008     **

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

COUNTY OF SANTA CRUZ, et al.,

        Plaintiffs,

        v.

ALBERTO GONZALES, Attorney General of the United States, et al.,

        Defendants.

Case Number C 03-01802 JF

ORDER[1] GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

Plaintiffs allege that the federal government has a plan to force states to repeal laws permitting medical use of marijuana.[2]  The operative pleading in this action, Plaintiffs' Second Amended Complaint ("SAC") asserts claims for: (1) violation of fundamental rights  secured by the Fifth and Ninth Amendments;[3] (2) deprivation of the fundamental right to control the circumstances of one's own death; (3) violation of the Tenth Amendment; (4) immunity of local

---

[1] This disposition is not designated for publication and may not be cited.

[2] Twelve states currently have such laws: Alaska, California, Colorado, Hawaii, Maine, Montana, Nevada, New Mexico, Oregon, Rhode Island, Vermont and Washington.

[3] Plaintiffs allege that the Government has violated their fundamental rights to preserve life, ameliorate pain, maintain bodily integrity, consult with physicians and act in accordance with the physicians' recommendations, and make personal decisions about their health.

1   officials pursuant to 21 U.S.C. § 885(d); (5) various other violations of the Fourth, Fifth and

2   Ninth Amendments; and (6) relief pursuant to the medical necessity doctrine.  Defendants move

3   to dismiss the third and fifth claims pursuant to F.R. Civ. Pro. 12(b)(6).  For the reasons set forth

4   below, the motion will be granted in part and denied in part.

5                                    **I. BACKGROUND**[4]

6          In their First Amended Complaint ("FAC"), Plaintiffs asserted a Tenth Amendment claim

7   based on the following allegations:

8              The federal government has pursued a policy of threatening and utilizing arrests,
               forfeitures, criminal prosecutions and other punitive means, all with the purpose
9              of rendering California's medical marijuana laws impossible to implement and
               with the intent of coercing California and its political subdivisions to enact
10             legislation recriminalizing medical marijuana. This consistent and long-standing
               practice and policy of the federal government exceeds legitimate forms of
11             persuasion and effectively commandeers the law-making function of California
               and its political subdivisions. As a part of that deliberate plan to force California
12             to make medical marijuana illegal, the federal government selectively uses the
               enforcement and threat of enforcement of the Controlled Substances Act against
13             the State and other entities as a mechanism to coerce the State into regulating
               through criminalization the behavior of private parties – namely seriously ill
14             patients in need of medical marijuana – that the State wishes not to criminalize.

15  FAC ¶ 78.  In their opposition to Defendants' motion to dismiss the FAC, Plaintiffs alleged that

16  the federal government has  "selectively targeted its enforcement efforts to undermine the state

17  by incapacitating the mechanism the state has chosen for separating what is legal from what is

18  illegal under state law."  Plaintiffs' Supp. Brief at 5.  Plaintiffs argued that "actions aimed at

19  preventing the State from distinguishing medical and non-medical marijuana, cross the line

20  distinguishing encouragement from coercion and effectively force the state to re-criminalize

21  medical marijuana in violation of the Tenth Amendment."  *Id*.  The Court concluded that these

22  allegations were insufficient to state a Tenth Amendment claim.  In granting leave to amend, it

23  noted that "[Plaintiffs] must explain factually how Defendants' actions '*require* [them] to enact

24  laws or regulations" or "*require* state officials to assist in the enforcement of federal statutes

25  regulating private individuals."  Order dated August 30, 2007 at 11 (quoting *Raich v. Gonzales*,

26

27
       ───────────────────
28          [4] The factual and legal background of the instant case is set forth in the Order dated
       August 30, 2007 and will not be repeated here.

Case No. C 03-1802 JF
ORDER GRANTING IN PART AND DENYING IN PART  DEFENDANTS' MOTION TO DISMISS
(JFLC1)

1  500 F.3d 850, 867 n.17 (9th Cir. 2007)).

2

3                              **II. LEGAL STANDARD**

4          A complaint may be dismissed for failure to state a claim upon which relief can be

5  granted for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under

6  a cognizable legal theory. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Robertson v. Dean*

7  *Witter Reynolds, Inc*., 749 F.2d 530, 533-34 (9th Cir. 1984).  For purposes of a motion to

8  dismiss, all allegations of material fact in the complaint are taken as true and construed in the

9  light most favorable to the nonmoving party. *Clegg v. Cult Awareness Network*, 18 F.3d 752,

10  754 (9th Cir. 1994).  However, the Court "is not required to accept legal conclusions cast in the

11  form of factual allegations if those conclusions cannot reasonably be drawn from the facts

12  alleged." *Id.* at 754-55.  Motions to dismiss generally are viewed with disfavor under this liberal

13  standard and are granted rarely. *See Gilligan v. Jamco Dev. Corp*., 108 F.3d 246, 249 (9th Cir.

14  1997).

15                              **III. DISCUSSION**

16  **1.     Third Claim**

17          Under the Tenth Amendment, "Congress may not simply commandeer the legislative

18  process of the States by directly compelling them to enact and enforce a federal regulatory

19  program." *New York v. United States*, 505 U.S. 144, 161 (1992) (internal quotation omitted).

20  "The commandeering cases involve attempts by Congress to direct states to perform certain

21  functions, command state officers to administer federal regulatory programs, or to compel states

22  to adopt specific legislation." *Raich*, 500 F.3d at 867 n.17.  The Ninth Circuit has held that the

23  plain terms of the Controlled Substances Act ("CSA") do not violate the Tenth Amendment by

24  directing state officers or legislatures in this manner. *Id*. (citing *Reno v. Condon*, 528 U.S. 141,

25  151 (2000)).  Relying upon this authority, Defendants argue that Plaintiffs' claim must be

26  dismissed because the CSA itself does not violate the Tenth Amendment, and thus selective

27  enforcement of the CSA may not serve as the basis of a commandeering claim.

28          In their SAC, Plaintiffs allege that federal officials have devised a strategic plan of

                                        3

1    targeted enforcement that has had the intended effect of "rendering California's medical

2    marijuana laws impossible to implement and thereby forcing California and its political

3    subdivisions to recriminalize medial marijuana." SAC ¶ 4.  Specifically, Plaintiffs allege that

4    Defendants have: (1) threatened to punish California physicians who recommend marijuana, *Id*.

5    at ¶¶ 85-91; (2) threatened government officials who issue medical marijuana identification

6    cards, *Id*. at ¶¶ 94(a), 95-96; (3) interfered with municipal zoning plans, *Id*. at ¶94(c); and (4)

7    targeted for arrest and prosecution those providers of medical marijuana who cooperate most

8    closely with municipalities.  *Id*. at ¶¶ 94(b), 94(d)-(e), 97.  Plaintiffs assert that these actions

9    violate the Tenth Amendment by making it impossible for the state to distinguish between

10   authorized and recreational users of marijuana, a distinction that is necessary for the proper

11   enforcement of California law.

12          Defendants contend that these allegations amount to nothing more than a claim of

13   selective enforcement, that selective enforcement is not the same thing as commandeering and

14   that Plaintiffs only may raise claims of selective enforcement in individual actions.  While it is

15   true that selective enforcement alone is insufficient to support a claim of commandeering,

16   Defendants cite no controlling authority for the latter proposition.  Moreover, ignoring Plaintiffs'

17   allegations of selective enforcement, to the extent that such allegations provide factual context

18   for Plaintiffs' commandeering claim, would have the practical effect of preventing Plaintiffs

19   from presenting the full breadth of their legal theory.

20          In his concurring opinion in  *Conant v. Walters*, 309 F.3d 629 (9th Cir. 2002), Chief

21   Judge Kozinski opined that Defendants' manner of enforcing the CSA had commandeered

22   California's legislative process, at least as to the legal rights and obligations of physicians:

23          The state relies on the recommendation of a state-licensed physician to define the
           line between legal and illegal marijuana use.  The federal government's policy
24         deliberately undermines the state by incapacitating the mechanism the state has
           chosen for separating what is legal from what is illegal under state law.  Normally,
25         of course, this would not be a problem, because where state and federal law
           collide, federal law wins. . . .
26         . . . Applied to our situation, this means that, much as the federal government may
           prefer that California keep medical marijuana illegal, it cannot force the state to
27         do so.  Yet the effect of the federal government's policy is precisely that: By
           precluding doctors, on pain of losing their DEA registration, from making a
28         recommendation that would legalize the patients' conduct under state law, the

                                                    4

1   federal policy makes it impossible for the state to exempt the use of medical

2   marijuana from the operation of its drug laws.  In effect, the federal government is
    forcing the state to keep medical marijuana illegal.  But preventing the state from
    repealing an existing law is no different from forcing it to pass a new one; in
3   either case the state is being forced to regulate conduct that it prefers unregulated.

4   *Id*. at 645-46 (Kozinski, concurring).  While this authority is not controlling, it is the only

5   authority that addresses the precise issue at hand, and it suggests that at least at the pleading stage

6   Plaintiffs' claim may be cognizable.  If Plaintiffs can prove that Defendants are enforcing the

7   CSA in the manner alleged, a question as to which the Court expresses no opinion, they may be

8   able to show that Defendants deliberately are seeking to frustrate the state's ability to determine

9   whether an individual's use of marijuana is permissible under California law.  A working system

10  of recommendations, identification cards and medicinal providers is essential to the

11  administration of California's medical marijuana law.  The effect of a concerted effort to disrupt

12  that system at least arguably would be to require state officials to enforce the terms of the CSA.

13  Because the Court must assume that Plaintiffs' allegations are true and resolve any doubt in

14  Plaintiffs' favor for the purposes of the instant motion, and because Plaintiffs have alleged their

15  claim with considerably greater factual specificity than they did in their First Amended

16  Complaint, the motion to dismiss will be denied as to Plaintiffs' third claim.

17  **2.    Fifth Claim**

18         Defendants also move to dismiss Plaintiffs' fifth claim.  Plaintiffs do not oppose this

19  portion of the motion.  Accordingly, the fifth claim will be dismissed without leave to amend.

20                                      **IV. ORDER**

21         Good cause therefor appearing, IT IS HEREBY ORDERED that Defendant's motion to

22  dismiss is DENIED as to claim three and GRANTED without leave to amend as to claim five.

23  Defendants shall filed their answer within thirty (30) days of the date of this order.

24

25  DATED:   August 19, 2008

26                                      _____

27                                      JEREMY FOGEL
                                        United States District Judge

28

                                        5

Copies of this Order have been served upon the following persons:

Daniel Nathan Abrahamson          dabrahamson@drugpolicy.org, drobelo@drugpolicy.org

John G. Barisone                  cferris@abc-law.com

Graham A. Boyd                    gboyd@aclu.org

M. Allen Hopper                   ahopper@aclu.org

Frank Burke Kennamer              frank.kennamer@bingham.com

Neha Shah Nissen                  neha.nissen@bingham.com, troy.sauro@bingham.com

Mark T. Quinlivan                 mark.quinlivan@usdoj.gov

Benjamin Terrence Rice            benjamin.rice@doj.ca.gov,

                                  DocketingSACCLS@doj.ca.gov

Lauri A. Schumacher               lauri.schumacher@bingham.com

Rachel Hannah Sommovilla          invalidaddress@invalidaddress.com


Notice has been delivered by other means to:


Judith Appel

Drug Policy Alliance

Office of Legal Affairs

717 Washington Street

Oakland, CA 94607

6

Troy Sauro

Bingham McCutchen LLP

Thee Embarcadero Center

San Francisco, Ca 94111-4067


Gerald Uelmen

Santa Clara University Law School

500 El Camino Real

Santa Clara, CA 95053


Adam B. Wolf

American Civil Liberties Union

Drug Law Reform Project

1101 Pacific Avenue, Suite 333

Santa Cruz, CA 95060

Case No. C 03-1802 JF
ORDER GRANTING IN PART AND DENYING IN PART  DEFENDANTS' MOTION TO DISMISS
(JFLC1)