**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
(SAN JOSE DIVISION)**

| | |
|---|---|
| **COUNTY OF SANTA CRUZ**, *et al.,* ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> **ERIC H. HOLDER, JR.**, ) <br> Attorney General of the United States; ) <br> **MICHELE LEONHART**, ) <br> Acting Administrator of the ) <br> Drug Enforcement Administration; and ) <br> **R. GIL KERLIKOWSKE**, ) <br> Director of the Office of ) <br> National Drug Control Policy, ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No. 03-1802 JF <br><br> **JOINT STIPULATION OF DISMISSAL WITHOUT PREJUDICE** |

Pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, the parties hereby jointly stipulate to the dismissal of this action without prejudice, as follows:

1. On October 19, 2009, the United States Department of Justice issued a Memorandum from Deputy Attorney General David Ogden to selected United States Attorneys regarding Investigations and Prosecutions in States Authorizing the Medical Use of Marijuana (hereinafter "Medical Marijuana Guidance"). This Medical Marijuana Guidance is incorporated herein and attached as Exhibit 1. As a result of the issuance of the Medical Marijuana Guidance, plaintiffs agree to dismiss this case without prejudice.

Joint Stipulation of Dismissal Without Prejudice
Civil Action No. 03-1802 JF

2. The parties further stipulate and agree that if Defendants withdraw, modify, or cease to follow the Medical Marijuana Guidance, this case may be reinstituted in its present posture on any Plaintiffs' motion, although if any Plaintiff seeks to reinstitute this case, Defendants reserve the right to argue that they have not withdrawn, modified, or ceased to follow the Medical Marijuana Guidance, and that this case is moot. The parties further stipulate and agree that any non-jurisdictional defenses challenging the timeliness of the Plaintiffs' reinstitution of this lawsuit, including laches, will be based solely on the delay, if any, after the alleged change of policy on which the Plaintiffs base the reinstitution of this lawsuit. The parties further stipulate and agree that all prior rulings shall remain as law of the case, with the parties retaining their rights to appeal any of those rulings.

3. All parties will bear their own costs and fees.

Respectfully submitted,

FOR THE PLAINTIFFS

/s/ Allen Hopper
ALLEN HOPPER
American Civil Liberties Union Foundation
1101 Pacific Avenue, Suite 333
Santa Cruz, CA 95062
(831) 471-9000
e-mail: ahopper@aclu.org

FOR THE DEFENDANTS

/s/ Mark T. Quinlivan
MARK T. QUINLIVAN
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3606
e-mail: mark.quinlivan@usdoj.gov

IT IS SO ORDERED

_____
JEREMY FOGEL
UNITED STATES DISTRICT JUDGE



**U.S. Department of Justice**

Office of the Deputy Attorney General

The Deputy Attorney General       *Washington, D.C. 20530*

October 19, 2009

MEMORANDUM FOR SELECTED UNITED STATES ATTORNEYS

FROM:  David W. Ogden
     Deputy Attorney General

SUBJECT: Investigations and Prosecutions in States
     <u>Authorizing the Medical Use of Marijuana</u>

  This memorandum provides clarification and guidance to federal prosecutors in States that have enacted laws authorizing the medical use of marijuana. These laws vary in their substantive provisions and in the extent of state regulatory oversight, both among the enacting States and among local jurisdictions within those States. Rather than developing different guidelines for every possible variant of state and local law, this memorandum provides uniform guidance to focus federal investigations and prosecutions in these States on core federal enforcement priorities.

  The Department of Justice is committed to the enforcement of the Controlled Substances Act in all States. Congress has determined that marijuana is a dangerous drug, and the illegal distribution and sale of marijuana is a serious crime and provides a significant source of revenue to large-scale criminal enterprises, gangs, and cartels. One timely example underscores the importance of our efforts to prosecute significant marijuana traffickers: marijuana distribution in the United States remains the single largest source of revenue for the Mexican cartels.

  The Department is also committed to making efficient and rational use of its limited investigative and prosecutorial resources. In general, United States Attorneys are vested with "plenary authority with regard to federal criminal matters" within their districts. USAM 9-2.001. In exercising this authority, United States Attorneys are "invested by statute and delegation from the Attorney General with the broadest discretion in the exercise of such authority." *Id.* This authority should, of course, be exercised consistent with Department priorities and guidance.

  The prosecution of significant traffickers of illegal drugs, including marijuana, and the disruption of illegal drug manufacturing and trafficking networks continues to be a core priority in the Department's efforts against narcotics and dangerous drugs, and the Department's investigative and prosecutorial resources should be directed towards these objectives. As a general matter, pursuit of these priorities should not focus federal resources in your States on

individuals whose actions are in clear and unambiguous compliance with existing state laws providing for the medical use of marijuana. For example, prosecution of individuals with cancer or other serious illnesses who use marijuana as part of a recommended treatment regimen consistent with applicable state law, or those caregivers in clear and unambiguous compliance with existing state law who provide such individuals with marijuana, is unlikely to be an efficient use of limited federal resources. On the other hand, prosecution of commercial enterprises that unlawfully market and sell marijuana for profit continues to be an enforcement priority of the Department. To be sure, claims of compliance with state or local law may mask operations inconsistent with the terms, conditions, or purposes of those laws, and federal law enforcement should not be deterred by such assertions when otherwise pursuing the Department's core enforcement priorities.

Typically, when any of the following characteristics is present, the conduct will not be in clear and unambiguous compliance with applicable state law and may indicate illegal drug trafficking activity of potential federal interest:

- unlawful possession or unlawful use of firearms;
- violence;
- sales to minors;
- financial and marketing activities inconsistent with the terms, conditions, or purposes of state law, including evidence of money laundering activity and/or financial gains or excessive amounts of cash inconsistent with purported compliance with state or local law;
- amounts of marijuana inconsistent with purported compliance with state or local law;
- illegal possession or sale of other controlled substances; or
- ties to other criminal enterprises.

Of course, no State can authorize violations of federal law, and the list of factors above is not intended to describe exhaustively when a federal prosecution may be warranted. Accordingly, in prosecutions under the Controlled Substances Act, federal prosecutors are not expected to charge, prove, or otherwise establish any state law violations. Indeed, this memorandum does not alter in any way the Department's authority to enforce federal law, including laws prohibiting the manufacture, production, distribution, possession, or use of marijuana on federal property. This guidance regarding resource allocation does not "legalize" marijuana or provide a legal defense to a violation of federal law, nor is it intended to create any privileges, benefits, or rights, substantive or procedural, enforceable by any individual, party or witness in any administrative, civil, or criminal matter. Nor does clear and unambiguous compliance with state law or the absence of one or all of the above factors create a legal defense to a violation of the Controlled Substances Act. Rather, this memorandum is intended solely as a guide to the exercise of investigative and prosecutorial discretion.

Finally, nothing herein precludes investigation or prosecution where there is a reasonable basis to believe that compliance with state law is being invoked as a pretext for the production or distribution of marijuana for purposes not authorized by state law. Nor does this guidance preclude investigation or prosecution, even when there is clear and unambiguous compliance with existing state law, in particular circumstances where investigation or prosecution otherwise serves important federal interests.

Your offices should continue to review marijuana cases for prosecution on a case-by-case basis, consistent with the guidance on resource allocation and federal priorities set forth herein, the consideration of requests for federal assistance from state and local law enforcement authorities, and the Principles of Federal Prosecution.

cc:  All United States Attorneys

Lanny A. Breuer
Assistant Attorney General
Criminal Division

B. Todd Jones
United States Attorney
District of Minnesota
Chair, Attorney General's Advisory Committee

Michele M. Leonhart
Acting Administrator
Drug Enforcement Administration

H. Marshall Jarrett
Director
Executive Office for United States Attorneys

Kevin L. Perkins
Assistant Director
Criminal Investigative Division
Federal Bureau of Investigation