1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
(SAN JOSE DIVISION)**

**COUNTY OF SANTA CRUZ**, *et al.,*               )
                                                   )
                        Plaintiffs,                )          Civil Action No. 03-1802 JF
                                                   )
            v.                                     )
                                                   )          **JOINT STIPULATION OF DISMISSAL**
**ERIC H. HOLDER, JR.**,                           )          **WITHOUT PREJUDICE**
Attorney General of the United States;             )
**MICHELE LEONHART,**                              )
Acting Administrator of the                        )
Drug Enforcement Administration; and               )
**R. GIL KERLIKOWSKE**,                            )
Director of the Office of                          )
National Drug Control Policy,                      )
                                                   )
                        Defendants.                )
_____ )

        Pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, the parties

hereby jointly stipulate to the dismissal of this action without prejudice, as follows:

        1.      On October 19, 2009, the United States Department of Justice issued a

Memorandum from Deputy Attorney General David Ogden to selected United States

Attorneys regarding Investigations and Prosecutions in States Authorizing the Medical Use

of Marijuana (hereinafter "Medical Marijuana Guidance").   This Medical Marijuana

Guidance is incorporated herein and attached as Exhibit 1.  As a result of the issuance of the

Medical Marijuana Guidance, plaintiffs agree to dismiss this case without prejudice.

2.   The parties further stipulate and agree that if Defendants withdraw, modify, or cease to follow the Medical Marijuana Guidance, this case may be reinstituted in its present posture on any Plaintiffs' motion, although if any Plaintiff seeks to reinstitute this case, Defendants reserve the right to argue that they have not withdrawn, modified, or ceased to follow the Medical Marijuana Guidance, and that this case is moot.  The parties further stipulate and agree that any non-jurisdictional defenses challenging the timeliness of the Plaintiffs' reinstitution of this lawsuit, including laches, will be based solely on the delay, if any, after the alleged change of policy on which the Plaintiffs base the reinstitution of this lawsuit.  The parties further stipulate and agree that all prior rulings shall remain as law of the case, with the parties retaining their rights to appeal any of those rulings.

3.   All parties will bear their own costs and fees.

Respectfully submitted,

FOR THE PLAINTIFFS                           FOR THE DEFENDANTS

/s/ Allen Hopper                                   /s/ Mark T. Quinlivan
ALLEN HOPPER                               MARK T. QUINLIVAN
American Civil Liberties Union Foundation   Assistant U.S. Attorney
1101 Pacific Avenue, Suite 333             John Joseph Moakley U.S. Courthouse
Santa Cruz, CA 95062                       1 Courthouse Way, Suite 9200
(831) 471-9000                             Boston, MA  02210
e-mail: ahopper@aclu.org                   (617) 748-3606
                                           e-mail: mark.quinlivan@usdoj.gov

IT IS SO ORDERED

_____
JEREMY FOGEL
UNITED STATES DISTRICT JUDGE



U.S. Department of Justice

Office of the Deputy Attorney General

---

The Deputy Attorney General                              *Washington, D.C. 20530*

October 19, 2009

MEMORANDUM FOR SELECTED UNITED STATES ATTORNEYS

FROM:        David W. Ogden
             Deputy Attorney General

SUBJECT:     Investigations and Prosecutions in States
             <u>Authorizing the Medical Use of Marijuana</u>

This memorandum provides clarification and guidance to federal prosecutors in States that have enacted laws authorizing the medical use of marijuana. These laws vary in their substantive provisions and in the extent of state regulatory oversight, both among the enacting States and among local jurisdictions within those States. Rather than developing different guidelines for every possible variant of state and local law, this memorandum provides uniform guidance to focus federal investigations and prosecutions in these States on core federal enforcement priorities.

The Department of Justice is committed to the enforcement of the Controlled Substances Act in all States. Congress has determined that marijuana is a dangerous drug, and the illegal distribution and sale of marijuana is a serious crime and provides a significant source of revenue to large-scale criminal enterprises, gangs, and cartels. One timely example underscores the importance of our efforts to prosecute significant marijuana traffickers: marijuana distribution in the United States remains the single largest source of revenue for the Mexican cartels.

The Department is also committed to making efficient and rational use of its limited investigative and prosecutorial resources. In general, United States Attorneys are vested with "plenary authority with regard to federal criminal matters" within their districts. USAM 9-2.001. In exercising this authority, United States Attorneys are "invested by statute and delegation from the Attorney General with the broadest discretion in the exercise of such authority." *Id.* This authority should, of course, be exercised consistent with Department priorities and guidance.

The prosecution of significant traffickers of illegal drugs, including marijuana, and the disruption of illegal drug manufacturing and trafficking networks continues to be a core priority in the Department's efforts against narcotics and dangerous drugs, and the Department's investigative and prosecutorial resources should be directed towards these objectives. As a general matter, pursuit of these priorities should not focus federal resources in your States on

Memorandum for Selected United States Attorneys                    Page 2
Subject: Investigations and Prosecutions in States Authorizing the Medical Use of Marijuana

individuals whose actions are in clear and unambiguous compliance with existing state laws
providing for the medical use of marijuana. For example, prosecution of individuals with cancer
or other serious illnesses who use marijuana as part of a recommended treatment regimen
consistent with applicable state law, or those caregivers in clear and unambiguous compliance
with existing state law who provide such individuals with marijuana, is unlikely to be an efficient
use of limited federal resources. On the other hand, prosecution of commercial enterprises that
unlawfully market and sell marijuana for profit continues to be an enforcement priority of the
Department. To be sure, claims of compliance with state or local law may mask operations
inconsistent with the terms, conditions, or purposes of those laws, and federal law enforcement
should not be deterred by such assertions when otherwise pursuing the Department's core
enforcement priorities.

Typically, when any of the following characteristics is present, the conduct will not be in
clear and unambiguous compliance with applicable state law and may indicate illegal drug
trafficking activity of potential federal interest:

- unlawful possession or unlawful use of firearms;
- violence;
- sales to minors;
- financial and marketing activities inconsistent with the terms, conditions, or purposes of
  state law, including evidence of money laundering activity and/or financial gains or
  excessive amounts of cash inconsistent with purported compliance with state or local law;
- amounts of marijuana inconsistent with purported compliance with state or local law;
- illegal possession or sale of other controlled substances; or
- ties to other criminal enterprises.

Of course, no State can authorize violations of federal law, and the list of factors above is
not intended to describe exhaustively when a federal prosecution may be warranted.
Accordingly, in prosecutions under the Controlled Substances Act, federal prosecutors are not
expected to charge, prove, or otherwise establish any state law violations. Indeed, this
memorandum does not alter in any way the Department's authority to enforce federal law,
including laws prohibiting the manufacture, production, distribution, possession, or use of
marijuana on federal property. This guidance regarding resource allocation does not "legalize"
marijuana or provide a legal defense to a violation of federal law, nor is it intended to create any
privileges, benefits, or rights, substantive or procedural, enforceable by any individual, party or
witness in any administrative, civil, or criminal matter. Nor does clear and unambiguous
compliance with state law or the absence of one or all of the above factors create a legal defense
to a violation of the Controlled Substances Act. Rather, this memorandum is intended solely as a
guide to the exercise of investigative and prosecutorial discretion.

Memorandum for Selected United States Attorneys                                    Page 3
Subject: Investigations and Prosecutions in States Authorizing the Medical Use of Marijuana

     Finally, nothing herein precludes investigation or prosecution where there is a reasonable basis to believe that compliance with state law is being invoked as a pretext for the production or distribution of marijuana for purposes not authorized by state law.  Nor does this guidance preclude investigation or prosecution, even when there is clear and unambiguous compliance with existing state law, in particular circumstances where investigation or prosecution otherwise serves important federal interests.

     Your offices should continue to review marijuana cases for prosecution on a case-by-case basis, consistent with the guidance on resource allocation and federal priorities set forth herein, the consideration of requests for federal assistance from state and local law enforcement authorities, and the Principles of Federal Prosecution.

cc:  All United States Attorneys

    Lanny A. Breuer
    Assistant Attorney General
    Criminal Division

    B. Todd Jones
    United States Attorney
    District of Minnesota
    Chair, Attorney General's Advisory Committee

    Michele M. Leonhart
    Acting Administrator
    Drug Enforcement Administration

    H. Marshall Jarrett
    Director
    Executive Office for United States Attorneys

    Kevin L. Perkins
    Assistant Director
    Criminal Investigative Division
    Federal Bureau of Investigation